IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

CHARLES D. CAMPBELL et al.,

     Plaintiffs,

v.                             CIVIL ACTION NO. 1:24-CV-74
                                      (KLEEH)

THE CITY OF MORGANTOWN,

     Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 7]**

Pending before the Court is *Plaintiffs' Motion to Remand* [ECF No. 7]. For the reasons discussed herein, that motion is **GRANTED**, and this matter is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia, for any further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the Circuit Court of Monongalia County, West Virginia, on July 1, 2024. ECF No. 1 at ¶ 1. In their Complaint, members of the City of Morgantown Fire Department, allege several causes of action including violations of the West Virginia Minimum Wage and Maximum Hours Standards ("WVMWMH"), W. Va. Code § 21-5C-1; violations of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1, et. seq.; and breach of employment agreement. ECF No. 1-3. On August 2, 2024, Defendant City of Morgantown removed the matter to this Court claiming jurisdiction existed under 28 U.S.C. § 1331.

ECF No. 1 at ¶ 7. On August 9, 2024, Defendant filed *The City of Morgantown's Motion to Dismiss Plaintiffs' Complaint, or, in the Alternative, For Summary Judgment in Favor of the City of Morgantown or a Stay of Proceedings.* ECF No. 3. Plaintiffs responded in opposition to Defendant's Motion on August 23, 2024 [ECF No. 5] and Defendant replied in support on August 30, 2024 [ECF No. 6].

On September 6, 2024, Plaintiffs filed the subject Motion to Remand. ECF No. 7. The City of Morgantown responded in opposition to the remand on September 20, 2024 [ECF No. 9], and Plaintiffs replied in support of their motion to remand on September 27, 2024 [ECF No. 10]. This Motion is thus fully briefed and ripe for review. Because Plaintiffs' Motion [ECF No. 7] challenges the Court's subject matter jurisdiction over this case, it must be addressed prior to Defendant's Motion [ECF No. 3].[1]

## II.  FACTUAL BACKGROUND[2]

Plaintiff Charles D. Campbell is a Lieutenant in the Morgantown Fire Department and serves as the President of IAFF

---

[1] Boczek v. Pentagon Fed. Credit Union, No. 1:23-CV-43, 2024 WL 4804982, at *2, n. 2 (N.D.W. Va. Nov. 15, 2024) ("'"The existence of subject matter jurisdiction is a threshold issue" which a Court must address prior to reaching the merits of a case.' Linton v. Rollo, No. CIV.A. 1:07CV72, 2007 WL 3408247, at *1 (N.D.W. Va. Nov. 15, 2007) (citing Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999)).").

[2] All facts recited herein are found in Plaintiffs' Complaint. ECF No. 1-3.

Local 313 (Morgantown). ECF NO. 1-3 at ¶. 1. Plaintiff is employed as a professional firefighter with the Defendant City of Morgantown. Id. The remaining Plaintiffs in this case are current or former Morgantown firefighters:

1. Beall, Mitchell
2. Bailey, Brandon
3. Benson, Michael
4. Bishop, Hunter
5. Borzik, John
6. Bragg, Joseph R.
7. Calvert, George
8. Chisler, Matthew
9. Close, Michael
10. Connery, Klint
11. Dalton, Tanner
12. Dalton, Thadius
13. Daniels Douglas A. Jr.
14. Davis, Bryan
15. DeBerry, Christopher
16. Freshour, Gary
17. Ganoe, Jason
18. Giles, Aaron
19. Hagedorn, Larry
20. Hatfield, Jason
21. Horbachewski, Dan
22. Izzo, Brian
23. Jenkins, Ashley
24. Laskody, Chad
25. Lyons, William
26. Martin, Anthony
27. McClain, Bailey
28. Mergenthaler, Brent
29. Moore, John
30. Morgan, Joshua
31. Morris, Nicholas L.
32. Nicewarner, Jayson
33. Nickelson, Eric
34. Nypaver, Joshua
35. Olszewski, Roman
36. Pantalo, Marco
37. Paugh, Brett
38. Peery, Matt
39. Pickenpaugh, Trevor

                40.    Porter, Derek
                41.    Ross, David
                42.    Sharpe, Douglas
                43.    Smith, Travis
                44.    Stake, Anthony
                45.    Thalman, Mark
                46.    Thomas, Travis
                47.    Turner, Lucas
                48.    Ware, Colby
                49.    Watson, Keith
                50.    Waxman, Andrew
                51.    Whiten, Sean R.
                52.    Wolfe, Robert
                53.    Wright, Nicholas
                54.    Zaroda, Devon J.
                55.    Zimmerman, Robert

Id. at ¶ 2. In their Complaint, Plaintiffs allege that the City of Morgantown failed to promptly and correctly pay them their regular rate of pay and overtime compensation. Id. at ¶¶ 18-19. They further allege both Defendant and they collectively are covered under the WVMWMH and the WPCA. Id. at ¶¶ 40-41, 55-56. In Count One, Plaintiffs allege the City of Morgantown violated the WVMHMW by improperly calculating the firefighters' regular rate of pay and not paying overtime compensation. Id. at ¶¶ 38-53. In Count Two, Plaintiffs allege the City of Morgantown violated the WCPA by failing to properly calculate the firefighters' regular rate of pay and overtime rate of pay. Id. at ¶¶ 54-68. In Count Three, Plaintiffs allege the City of Morgantown violated the WCPA by failing to promptly pay wages due and owed to the firefighters. Id. at ¶¶ 69-82. In Count Four, Plaintiffs assert they are entitled to liquidated damages under the WCPA. Id. at ¶¶ 83-89. In Count Five, Plaintiffs allege the City of Morgantown breached the

firefighters' employment agreement by failing to properly calculate the Plaintiffs' regular rate of pay and overtime rate of pay. Id. at ¶¶ 90-99. Plaintiffs seek an array of damages for these claims. Nowhere does Plaintiffs' Complaint cite or mention any federal law – constitutional, statutory, or otherwise.

### III. DISCUSSION

#### A.    Removal Jurisdiction

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction. This requirement can be based upon diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. § 1441. A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332.[3] Further, a federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. This jurisdiction must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim. See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

---

[3] Defendant does not suggest diversity jurisdiction under 28 U.S.C. § 1332 exists here; therefore, the Court will not address that potential jurisdictional basis. Defendant must therefore demonstrate federal question jurisdiction is present.

The burden of demonstrating jurisdiction generally resides with the defendant. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921). Likewise, the plaintiff's role in the context of disputes about removability is also clearly defined: the plaintiff is the master of his or her claim. See Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989). This means that "if [the plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case." 14B Charles Wright, Federal Practice and Procedure, § 3721, p. 59 (2009). Moreover, as the Fourth Circuit has indicated, if federal jurisdiction is doubtful, the case must be remanded. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Federal question jurisdiction exists if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also W. Va. State Univ. Bd. of Governors v. Dow Chem. Co., 23 F.4th 288, 297 (4th Cir. 2022) (referencing "the well-pleaded complaint rule, which, absent diversity, prohibits removal unless a federal question appears on the face of the complaint"). As such, a defendant may not rely on a federal defense to a state law claim as a basis for removal. See Topeka Housing Auth. v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005). Thus, the well-

pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

Even a cursory reading of Plaintiffs' complaint reveals the complete absence of any semblance of a federal claim on that pleading's face. In the Complaint, Plaintiffs assert a multitude of causes of action against their employer under **West Virginia** law: violation of the WVMWMH, W. Va. Code § 21-5C-1 et seq.; violations of the WPCA, W. Va. Code § 21-5-1 et seq.; and a common law claim for breach of an employment agreement under West Virginia law. See generally Compl.

**B. Embedded Federal Question**

As Plaintiffs accurately state in their pending motion, Defendant fails to cite any provision of the Complaint to support its claim a federal question exists here. Instead, Defendant argues Plaintiffs' claim in Count One for violation of the WVMWMH actually arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203. ECF No. 9 at p. 1. Defendant thus urges this Court to find an "embedded federal question" in Plaintiffs' WVMWMH claim and assert jurisdiction in this matter. Id. at p. 6.

"[W]hen a claim finds its origins in state rather than federal law, federal courts have identified a 'special and small category' of cases in which arising under [federal question] jurisdiction still lies." W. Va. State Univ. Bd. of Governors, 23 F.4th at 307

(citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). Exceptions to the well-established "arising under" standard of federal law are "extremely rare." Gunn v. Minton, 568 U.S. 251, 257 (2013). Defendant claims one such exception – under Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005) — applies here. ECF No. 1 at ¶¶ 8-9.

Under that limited exception, courts must assess whether the "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258. If all four of these requirements are met, then jurisdiction is proper because there is a "'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable, 545 U.S. at 313–314). However, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell

Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986). Likewise, "the mere assertion of a federal interest [is] not enough to confer federal jurisdiction." Empire Healthchoice, 547 U.S. at 701.

The Fourth Circuit has also provided guidance on this limited exception to the well-pleaded complaint rule. Even if state law creates the claims asserted by the plaintiff, federal question jurisdiction nonetheless is proper in cases in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005). To remove a case in which state law creates the plaintiff's cause of action, a defendant "must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Dixon v. Coburg Daily, Inc., 369 F.3d 811, 816 (4th Cir. 2004).

### 1. Necessarily Raised

Turning to the Grable factors, the first prong of the analysis requires the court to consider whether the "state-law claim **necessarily** raise[s] a stated federal issue." 545 U.S. at 314 (emphasis added). This is satisfied when "it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd., 463 U.S. at 13.

9

Defendant argues that Plaintiffs' WVMWMH claim necessarily raises a federal issue because Plaintiffs must demonstrate that the City of Morgantown is a covered employer under the WVMWMH law, which implicates the FLSA's 80-percenter rule. Id. at pp. 6-11. Pursuant to the WVMWMH law, an "employer" includes:

> the State of West Virginia, its agencies, departments, and all its political subdivisions
>
> ...
>
> That after December 31, 2014, for the purposes of § 21-5C-3 of this code, the term "employer" does not include any individual, partnership, association, corporation, person or group of persons, or similar unit if 80 percent of the persons employed by him or her are subject to any federal act relating to maximum hours and overtime compensation.

W. Va. Code § 21-5C-1. The Supreme Court of Appeals of West Virginia has held that all entities qualifying as an employer under the WVMWMH, including a city as a political subdivision of the State, are entitled to the exemption from the WVMWMH "provided that eighty percent of their employees are subject to federal wage and hour laws. Adkins v. City of Huntington, 191 W. Va. 317, 320, 445 S.E.2d 500, 503 (1994).

Thus, Defendant contends that Plaintiffs must establish as a threshold matter whether the City of Morgantown is subject to the WVMWMH, which necessarily implicates determining whether 80% or more of the City of Morgantown's employees are subject to the FLSA.

10

ECF No. 9 at p. 7. Defendant relies heavily upon Harper v. Massey Coal Services, Inc., No. 2:10-0894, 2011 WL 322558 (S.D.W. Va. Feb. 2, 2011), to support its position. In Harper, Judge Copenhaver addressed whether an employee's claims under the West Virginia Minimum Wage and Maximum Hour Standards, W. Va. Code § 21-5C-1 et seq., presented an embedded federal question such that removal, despite the absence of a federal claim on the complaint's face, was proper. He reasoned that because the plaintiffs' claim depended upon their ability to satisfy the statutory definition of "employer," which expressly relies upon federal wage and hour law, the Grable-Pinney factors were satisfied such that the Southern District of West Virginia had "arising under" jurisdiction. Specifically, Judge Copenhaver noted the plaintiffs bore the burden to prove they brought their claim against a "covered employer" triggering the statute's application and, should the plaintiffs fail there, no claim under the Minimum Wage and Maximum Hour Standards would lie. He found that definition so dependent upon federal law that its determination was necessary, disputed, and substantial and that exercising jurisdiction would not disturb the balance between federal-state judicial responsibilities.

In contrast, Plaintiffs argue that there is no embedded federal question raised in their Complaint. ECF No. 7 at p. 19. Plaintiffs argue that the claimed presence of the FLSA's policy in this action is insufficient to justify federal question

jurisdiction, in part, because the Grable factors are not met to justify the "extremely rare exception". Id. at pp. 20-21. Plaintiffs rely heavily upon Craddock v. Adon Network, Inc., No. 2:10-CV-01401, 2011 WL 1601331, at *1 (S.D.W. Va. Apr. 27, 2011) to support remanding this matter to the Circuit Court of Monongalia County, West Virginia. Id.

In Craddock, an employer removed an action to the Southern District of West Virginia, asserting the Court had federal question jurisdiction pursuant to the FLSA even though the Complaint alleged only State law causes of action. Craddock, 2011 WL 1601331, at *1. Like the case presently before the Court, the employer argued federal question jurisdiction existed, because the plaintiff's claims under the Minimum Wage Act necessarily raised, as an element of the claim, the issue of whether more than eighty percent of the defendant's employees were covered by the FLSA. Id. Judge Goodwin, acknowledging Judge Copenhaver's prior decision in Harper, assumed without deciding that "defendant's status as an FLSA 'eighty-percenter' is a necessary element of a well-pleaded complaint under W. Va. Code § 21-5C-3." Id. at *5. However, as discussed in more detail below, Judge Goodwin ultimately remanded the case to the Circuit Court of Kanawha County, West Virginia after finding the federal issue was not "substantial" under federal law for purposes of removal jurisdiction. Id. at *5-6.

Having considered the arguments of the parties along with the persuasive decisions from the Southern District of West Virginia, the Court assumes without deciding that the FLSA eighty-percenter rule is necessarily raised in a WVMWMH claim, and thus the first Grable factor supports federal question jurisdiction.

### 2. Substantial Federal Issue

Turning to the "substantial" factor, the Court finds Defendant fails to satisfy the second Grable prong. As Judge Goodwin of the Southern District of West Virginia summarized,

> the Supreme Court in Empire Healthchoice outlined the factors "that affect the 'substantiality' [i.e., the second Grable prong] of a federal interest in that case or issue: (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal issue will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

Craddock, 2011 WL 1601331, at *4 (citing Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir. 2007)).

Defendant asserts that the implication of the eighty-percenter rule is actually disputed[4] and substantial in this case.

---

[4] The matter is actually disputed because Plaintiffs argue both that the eighty-percenter rule does not exempt public employers

ECF No. 9 at p. 11. Defendant argues "[t]he need for uniformity in the interpretation and application of the FLSA with regard to its coverage of employees, not just for the parties in this case but for all employers and employees whom this federal issue affects, creates the substantial federal interest justifying the exercise of this Court's jurisdiction." Id. at p. 13. Again, Defendant relies on the Harper decision which found the need for uniform interpretation of the FLSA to be constitute a substantial federal interest. Id. at p. 11; Harper, 2011 WL 322558 at *6.

In contrast, Plaintiff argues that the second Grable prong is not satisfied because the eighty-percenter rule does not qualify as a substantial federal question. ECF No. 7 at p. 23. Plaintiffs contend that no federal agency is party to this litigation nor is any such agency's compliance with federal law at issue. Further, Plaintiffs argue that the Circuit Court of Monongalia County is competent to apply any federal law to the extent it is necessary in adjudicating the state cause of action. Id.; Empire Healthchoice Assur., Inc.,547 U.S. at 701 (2006). Plaintiff similarly relies upon the reasoning in the Craddock decision, in urging the Court to find the eighty-percenter rule does not raise a substantial question of law. Id.

---

from the WVMWMH and in the alternative that the City of Morgantown does not meet the 80% threshold for exemption. ECF No. 7.

Regarding the second _Grable_ prong, the _Craddock_ Court reasoned that the eighty-percenter issue was not a substantial one, after consideration of the four factors outlined in _Empire Healthchoice Assur., Inc._, _Craddock_, 2011 WL 1601331, at *5-6.

Here, the first factor does not counsel in favor of finding a substantial federal issue at play here because no federal agency is party to this litigation nor is any such agency's compliance with federal law at issue. Rather, the parties are a municipality and professional firefighters.

The Court acknowledges that the second factor is a closer call. The FLSA is undoubtably an important federal statute. The particular question at issue here – who is covered by the FLSA – is a complex question and is often litigated. _See_ _Harper_, 2011 WL 322558, at *6. "Nevertheless, although the federal government certainly has an interest in ensuring that there is uniformity in the application of federal statutes, the question does not necessarily implicate 'broader or more substantial issues.'" _Craddock_, 2011 WL 1601331, at *6 (quoting _Mikulski_, 501 F.3d at 571). Furthermore, resolution of the coverage issue in this case will not have any binding impact on the federal government; at most – it could be cited in future litigation involving the City of Morgantown as an employer. Thus, the second factor does not support that the eighty-percenter rule is substantial.

With respect to the last two factors, this Court has also previously considered the expansion of removal jurisdiction under the Grable rubric. As Judge Bailey summarized,

> The Supreme Court of the United States has distinguished cases that involve "nearly 'pure issue[s] of law' . . . 'that [can] be settled once and for all'" from those that are "fact-bound and situation specific." Id. at 700–01. Or, as Justice Cardozo put it, a "common-sense accommodation of judgment to [the] kaleidoscopic situations" that present a federal issue, in "a selective process which picks the substantial causes out of the web and lays the other ones aside." Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 117–18 (1936).

Adkins Energy, Inc. v. Dominion Transmission Inc., No. 5:16-CV-151, 2017 WL 462009, at *3 (N.D.W. Va. Feb. 2, 2017) (Bailey, J.). The final factor "requires the court to determine whether resolution of the alleged federal issue would control numerous other cases, not whether resolution of the question of federal subject-matter jurisdiction will govern numerous other cases." Craddock, 2011 WL 1601331, at *6 n.1. This case, like many wage and hour claims, whether brought expressly under the FLSA or state law like the WVMWMH, is quite "fact-bound and situation-specific." Empire Healthcare, 547 U.S. at 700. The Complaint sets out a lengthy and detailed factual chronology upon which Plaintiffs rely here. Defendant argues that application of the eighty-percenter rule is dispositive. However, this is only true if the issue is decided in favor of Defendant. See Craddock, 2011 WL 1601331, at

16

*6. "Here, at most, the federal issue represents but one element of one of the plaintiff's claims, all of which are based in state law." Id. There is no "pure" question of federal law that would resolve not only this dispute but others in the future. Each case would require a specific determination as to whether a particular defendant qualifies as an employee under the WVMWMH. Thus, The third and fourth factors likewise weigh against finding a substantial federal question that requires exercise of jurisdiction under Grable-Pinney.

### 3. Federal-State Judicial Balance

Lastly, the Court must consider whether Defendant can satisfy the final prong: "that removal of this state-law case and the multitude of cases just like it would be consistent with the congressionally approved balance of federal and state judicial responsibilities." Burrell, 918 F.3d at 386 (citing Grable, 545 U.S. at 314). "The Supreme Court has 'consistently emphasized that, in exploring the outer reaches of [section] 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.'" Rose Acre Farms, Inc. v. N. Carolina Dep't of Env't & Nat. Res., 131 F. Supp. 3d 496, 504 (E.D.N.C. 2015) (quoting Merrell Dow, 478 U.S. at 810).

Defendant's proposed exercise of jurisdiction here would inappropriately upset the balance between federal and state

courts. Plaintiffs arguably could have asserted certain of their grievances, in this case, under the auspices of the FLSA.[5] They consciously chose a different path. Here, Defendant seeks to usurp that choice via an "extremely rare" gambit – injecting a federal question into a Complaint devoid of any such issue but overflowing with state law causes of action.

To sanction this procedural maneuver would be to "federalize" any claim under the WVMWMH. See, e.g., Hanna v. CFL Pizza, LLC, No. 6:11-CV-1837-ORL-22, 2012 WL 515875, at *6 (M.D. Fla. Jan. 30, 2012); Fabro v. Aqua-Aston Hospitality, LLC, No. CV 16-00467 DKW-RLP, 2017 WL 449587, at *4 (D. Haw. Feb. 2, 2017). This would offend any concept of federalism and potentially prompt a flood of state-law WVMWMH and garden-variety employment claims being removed to a federal forum in the absence of express federal question jurisdiction when the circuit courts of West Virginia are more than capable of adjudicating such disputes. See Empire Healthchoice, 547 U.S. at 701 ("The state court in which the . . . suit was lodged is competent to apply federal law, to the extent it is relevant . . ."). This factor likewise requires remand here.

---

[5] The Court is aware that Plaintiffs have filed a separate cause of action pursuant to the FLSA. See Campbell, et al. v. The City of Morgantown, Civil Action No. 1:24-cv-66 (N.D.W. Va. June 28, 2024).

Courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated. . . . Therefore, if federal jurisdiction is doubtful, a remand to state court is necessary." Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (internal quotations and citations omitted). There is no doubt here after assessing the relevant factors.

The Court finds Defendant has failed to satisfy the Grable factors demonstrating an embedded federal question exists in Plaintiffs' Complaint investing this Court with jurisdiction under 28 U.S.C. § 1331. Plaintiffs' claims do not necessarily raise a disputed and substantial federal issue. Moreover, asserting jurisdiction over Plaintiffs' state law claims would inappropriately affect the balance between federal and state courts. Therefore, this Court lacks subject matter jurisdiction and remand is necessary.

**C. Attorneys' Fees**

In addition to their request for remand, Plaintiffs also ask this Court to award them their attorneys' fees. "An award of attorneys' fees under § 1447 is not automatic but should only be awarded where 'the removing party lacked an objectively reasonable basis.'" Henry v. Kingwood Mining Co., LLC, No. 1:09CV16, 2009 WL 10676866, at *1 (N.D.W. Va. June 15, 2009) (Keeley, J.) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005)).

Although the Court granted Plaintiffs' remand motion, the Court does not believe that Defendant so lacked an objectively reasonable basis in seeking removal that an award of fees and costs is warranted here. There exists a divergence of thought on whether other West Virginia statutes present sufficiently substantial federal questions to constitute "arising under" jurisdiction. Compare Harper, 2011 WL 322558, with Craddock, 2011 WL 1601331. Considering all relevant circumstances, Defendant's removal does not satisfy the lofty standard required to impose an award of attorneys' fees and costs despite the Court's remanding the matter to the Circuit Court of Monongalia County. Plaintiffs' request for attorneys' fees is **DENIED.**

### D. Other Pending Motions

On August 9, 2024, Defendant filed *The City of Morgantown's Motion to Dismiss Plaintiffs' Complaint, or, in the Alternative, For Summary Judgment in Favor of the City of Morgantown or a Stay of Proceedings.* ECF No. 3. This Court has no authority to consider this motion. "Unfortunately, however, without either diversity or federal question jurisdiction, any judgment rendered by this Court would be immediately vacated on appeal for lack of subject matter jurisdiction." Inkrote v. Prot. Strategies Inc., No. 3:09-CV-51, 2009 WL 3295042, at *8 (N.D.W. Va. Oct. 13, 2009). Thus, the Court directs the Clerk to **TERMINATE** the motion to dismiss from the Court's docket.

## IV   CONCLUSION

For the reasons discussed above, the Motion to Remand [ECF No. 7] is **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia.

The Clerk shall **STRIKE** this action from the Court's active docket and **TERMINATE** Defendant's Motion to Dismiss [ECF No. 3] as the Court lacks subject-matter jurisdiction to decide it.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the Circuit Clerk of Monongalia County, West Virginia.

**DATED:** March 27, 2025

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA